**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| CARLTON WHEELER, | : | |
| Petitioner | : | |
| v | : | Civil Action No. PJM-05-2598 |
| GOVERNOR STATE OF MARYLAND, | : | |
| DEPARTMENT OF PUBLIC SAFETY | | |
| AND CORRECTIONAL SERVICES, | : | |
| and JACK JOHNSON, | | |
| | : | |
| Respondent | | |

o0o

**MEMORANDUM**

The above-captioned petition for writ of mandamus was filed on September 16, 2005 along with a motion to proceed in forma pauperis. Because Petitioner appears to be indigent, his motion shall be granted.[1]

Petitioner asserts that he was sentenced to serve a twenty year sentence on December 13, 1969, and was initially incarcerated at the Maryland Penitentiary. Paper No. 1 at p.4. Petitioner states he was transferred to Patuxent Institution for evaluation as a defective delinquent, ultimately adjudicated a defective delinquent, and committed to Patuxent for an indeterminate period of time. *Id*. He further states that he remained at Patuxent until 1991, and that he has never received compensatory damages for his commitment to Patuxent by virtue of an "unconstitutional law." *Id*.

Petitioner appears to be seeking a declaratory judgment requiring payment of damages or

---

[1] Petitioner does not include his current address on the pleadings filed in this case. He has, however, filed other actions in this court previously. Accordingly, copies of this Memorandum and the the accompanying order will be mailed to the address provided in petitioner's previously-filed action. *See Wheeler v. Montgomery County Detention Center, et al.*, Civil Action No. PJM-04-482 (D. Md. 2004).

other compensation to him for the time he spent in prison beyond that required by the original sentence imposed in his criminal case. Assuming that Petitioner can establish that compensatory damages were awarded to him in a state forum, this Court does not have jurisdiction over State employees in an action for writ of mandamus. *See Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969); *see also* 28 U.S.C. § 1361. A writ of mandamus is an extraordinary remedy that is only available in cases where no other means by which the relief sought could be granted. *See In re Beard*, 811 F.2d 818, 826 (4th Cir.1987).

To the extent that the pro se complaint is an attempt to file a civil rights action seeking damages for violation of a constitutional right, the claim must be dismissed as time-barred. There is no federal statute of limitations for § 1983 actions, and therefore the applicable state statute applies. *See Burnett v. Grattan*, 468 U.S. 42 (1984); *see also Wilson v. Garcia*, 471 U.S. 261 (1985) (state statute governing personal injury should be applied to all § 1983 claims). Maryland has a three-year statute of limitations. *See* Md. Cts. & Jud. Proc. Code Ann. § 5-101 (1995); *see also Grattan v. Burnett*, 710 F.2d 160 (4th Cir. 1983). Plaintiff's complaint has been filed fourteen years after his release from the alleged illegal incarceration and is therefore subject to dismissal.

A separate order follows.

   10/18/05                                                                  /s/
Date                                                              PETER J. MESSITTE
                                                           UNITED STATES DISTRICT JUDGE